# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:09-CR-261-JRN |
| | § | |
| SEAN ANDREW McQUIGG | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE JAMES R. NOWLIN
    UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's Petition for Warrant or Summons for Offender Under Supervision recommending that the Court revoke Defendant's term of supervised release (the "Petition") (Dkt. 75). The undersigned Magistrate Judge submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## Procedural Background

Defendant pled guilty to Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On December 7, 2009, Defendant was sentenced to 120 months' imprisonment, followed by supervised release for a term of fifteen years. Defendant's supervision began on August 17, 2018.

In the Petition, the Probation Officer alleges that Defendant violated the following conditions of supervised release:

> **Violation of Special Condition:** "The defendant shall attend and participate in a mental health treatment program and/or sex offender treatment program as approved and directed by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph and all other testing. The defendant will be required to make co-payment based on the defendant's ability to pay as determined by the probation officer."

**Nature of Noncompliance:** Defendant arrived thirty minutes late to sex offender treatment on March 22, 2022 and, on July 25 and 26, 2022, failed to report to sex offender treatment or contact the treatment provider to report his absence or reschedule his session. Defendant was unsuccessfully discharged from the sex offender treatment program on July 28, 2022, due to attendance issues and ongoing substance abuse.

> **Violation of Special Condition:** "The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist, and continue those restrictions as they pertain to avoiding risk situations throughout the course of supervision. This includes not residing or going to places where a minor or minors are known to frequent without prior approval of the probation officer."

> **Violation of Special Condition:** "The defendant shall participate in a program approved by the United States Probation Office for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay."

**Nature of Noncompliance:** Defendant admitted using methamphetamine frequently from March 2021 until January 27, 2022. He submitted positive drug tests on the following dates:

- January 31, 2022 – methamphetamine;
- March 10, 2022 – methamphetamine;
- June 29, 2022 – methamphetamine and cocaine;
- July 28, 2022 – methamphetamine and cocaine.

Defendant also failed to report for scheduled drug testing as instructed on March 17, 23, and 28, April 6, and June 9 and 28, 2022.

> **Violation of Mandatory Condition No. 2:** "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court."
>
> **Violation of Standard Condition No. 7:** "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."

**Nature of Noncompliance:** On July 27, 2022, the Probation Officer conducted an unannounced home visit and found Defendant unconscious in his residence. The Officer saw in the room a glass smoking pipe commonly used for methamphetamine, with scorched white residue inside, and two empty beer cans. Defendant appeared incoherent and struggled to respond to the Officer's questions. The Officer called emergency medical services, who assessed and released Defendant after he refused further medical services.

On August 22, 2022, pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the undersigned Magistrate Judge conducted a preliminary and final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. Defendant consented to proceed before a United States Magistrate Judge and pled "True" to the alleged violations.

### Findings of the Court

1. Defendant violated the conditions of his supervised release by his conduct as alleged in the Petition.

2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.

3. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

4. Defendant had both a factual and rational understanding of the proceedings against him.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

9. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. Defendant waived a reading of the charges against Defendant by the Government.

11. Defendant freely, intelligently, and voluntarily pled "True" to the violations of the conditions of his supervised release alleged in the Petition.

12. The Court finds that Defendant violated Special Conditions No. 1, 2, and 3, Mandatory Condition No. 2, and Standard Condition No. 7 of his term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

### **Factors Considered**

The Court has considered the factors set out in Title 18, United States Code § 3583(e), which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:[1]

a. the nature and circumstances of the offense, § 3553(a)(1);
b. the history and characteristics of Defendant, (a)(1);
c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
d. the need to protect the public, (a)(2)(C);
e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

---

[1] The factors in § 3553(a)(2)(A), namely, the seriousness of offense, respect for the law, and just punishment, were not considered by the Court.

  f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
  g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
  h. the need to provide restitution to any victims of the offense, (a)(7).

## **Recommendations**

The undersigned has carefully considered all of the arguments of counsel and the evidence presented by the parties and has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The undersigned also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Pursuant to 18 U.S.C. § 3583(g)(4), because Defendant tested positive for illegal controlled substances more than three times over the course of one year, the Court shall revoke the term of supervised release and impose a sentence that includes a term of imprisonment. Defendant's violation is a Grade C and his criminal history category is I, resulting in an (advisory) guideline range of 3 to 9 months of imprisonment.

In this case, the undersigned Magistrate Judge finds most compelling the nature and circumstances of the offense; Defendant's history and characteristics; the need to need to afford adequate deterrence to criminal conduct; and the need to protect the public. Defendant has significant health issues, but has continued using methamphetamine frequently during his term of supervised release despite the opportunity to participate in substance abuse treatment.

For these reasons, and pursuant to the mandatory revocation and imprisonment requirement of Section 3583(g), the undersigned Magistrate Judge **RECOMMENDS** that Defendant's term of supervised release be **REVOKED**.

The undersigned further recommends that the District Court sentence Defendant to **two (2) months imprisonment, with credit for time served, with 11 years of supervised release to follow on all conditions previously set**, except that the residential reentry condition set on August 14, 2018 (Dkt. 69) shall be modified as follows:

> The defendant shall reside in a residential reentry center for a term of up to 180 days. The defendant shall follow the rules and regulations of the center.

## Warnings

Having been orally advised of these Findings and Recommendations, the parties have orally waived their right pursuant to 28 U.S.C. § 636(b)(1)(C) to object to this Report and Recommendation within 14 days, and the matter is ripe so that the District Court may act on this Report and Recommendation immediately.

**SIGNED** on August 22, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE